IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PEARLIE SHERRELL, FRED
SHERRELL, and JOE LOUIS
SHERRELL,

                Plaintiffs,

v.

THE CITY OF ATLANTA, *et al.*,

                Defendants.

1:13-cv-4020-WSD

**OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Motion to Remand to the Superior Court of Fulton County [7]. Plaintiffs assert that Defendants' Removal Action violates 28 U.S.C. § 1441, that it was filed in bad faith pursuant to Rule 11 of the Federal Rules of Civil Procedure, and that they should be awarded attorney fees.

**I.     BACKGROUND**

On November 18, 2013, Plaintiffs Pearlie Sherrell, Fred Sherrell, and Joe Louis Sherrell ("Plaintiffs") filed their action under 42 U.S.C. § 1983 and state law against Defendants City of Atlanta, Atlanta Police Department ("APD"), Chief George T. Turner, Sgt. Eddie R. Smith, and former APD Officer Anwar T. Bradley

("Defendants") in the Superior Court of Fulton County, Georgia.  Plaintiffs allege various state law causes of action and violations of their Fourth Amendment civil rights.  The Plaintiffs' claims arise from the Defendants' alleged misconduct on October 11, 2009.  Plaintiffs' Complaint asserts a variety of claims against the Defendants including false imprisonment, assault, battery, and gross negligence.

On December 4, 2013, Defendants City of Atlanta, Chief George T. Turner, and Sgt. Eddie Smith (the "Removal Defendants") filed their Notice of Removal [1].  The Removal Defendants stated in their notice that "[t]hey do not yet have the consent of the remaining Defendant[] [Anwar T. Bradley] because [he has not been] served with this Complaint."  (Notice of Removal [1] ¶ 5.).  There is no evidence showing that Bradley filed his own Notice of Removal or that he joined Removal Defendants in their removal action.

On December 29, 2013, the Plaintiffs moved to remand the action to state court, contending that Defendant Anwar T. Bradley ("Bradley") did not join in the removal and that the rule of unanimity was not satisfied.  They presented evidence showing that on November 12, 2013, a deputy sheriff served Bradley with a copy of the action summons and that his entry of service was filed in the Fulton County Superior Court Clerk's office on November 14, 2013.

**II.   DISCUSSION**

A.   Motion to Remand

The parties do not dispute that the Court has federal question subject-matter jurisdiction over Plaintiffs' Section 1983 claims.  Plaintiffs argue, however, that this action must be remanded to the state court because Bradley did not join the Removal Defendants in removing this matter to this Court.  Plaintiffs contend that they perfected service on Bradley, and that Bradley did not consent to removal within the required thirty-day period, violating the unanimity rule required by 28 U.S.C. § 1446(b)(2)(A).

Under the removal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant" to federal court.  28 U.S.C. § 1441(a).[1]  When removal is challenged, the removing party has the burden to show that the removal was proper, or the case must be remanded to the state court.  Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001).  "[U]ncertainties are resolved in favor of remand."  Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

"When a civil action is removed [to a federal court with jurisdiction arising] solely under section 1441(a), all defendants who have been properly joined and

---

[1] In cases where original jurisdiction is based "solely" on diversity under 28 U.S.C. § 1332(a), the action "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2).

served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Section 1441(b)(1) requires that the notice of removal be filed "within 30 days after the receipt by the [removing] defendant," of a copy of the complaint. Id. § 1446(b)(1); see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999); Bailey v. Janssen Pharmeceutica, Inc., 536 F.3d 1202, 1205 (11th Cir. 2008) (citing Murphy, 526 U.S. at 347-48).

"The unanimity rule [of Section 1446(b)(2)(A) generally] requires that all defendants consent to and join a notice of removal in order for it to be effective." Bailey, 536 F.3d 1202, 1207 (11th Cir. 2008); see also Russell Corp., 264 F.3d at 1044 ("The unanimity requirement mandates that in cases involving multiple defendants, all defendants must consent to removal."); Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressman Assistants' Local 340 et. al., 427 F.2d 325, 326-27 (5th Cir. 1970).

"The requirement that there be unanimity of consent in removal cases with multiple defendants does not require consent of defendants who have not been properly served." See Johnson v. Wellborn, 418 F. App'x 809, 815 (11th Cir. 2011) (citing Bailey, 536 F.3d at 1208 ("[A] defendant has no obligation to participate in any removal procedure prior to his receipt of formal service of judicial process.")); see also Murphy, 526 U.S. at 350 ("[O]ne becomes a party

4

officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend. . . .  Unless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights.").  If the unanimity rule is not met, then the case must be remanded pursuant to 28 U.S.C. § 1447(c).[2]  Id.; see also Tri-Cities Newspapers, 427 F.2d at 327.

B.   Analysis

The record here supports that the Removal Defendants—all of whom had been served with Plaintiffs' Complaint by the date of removal—consented to the removal when the Notice of Removal was filed.  The question that remains is whether Bradley had been served with the Complaint by the date of the Notice of Removal, and if so, whether Bradley consented to the removal.

Georgia's law regarding personal service of process provides:

> Service shall be made by delivering a copy of the summons attached
> to a copy of the complaint as follows . . . to the defendant personally,
> or by leaving copies thereof at the defendant's dwelling house or
> usual place of abode with some person of suitable age and discretion

---

[2] Section 1447(c) provides: "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."

> then residing therein, or by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process.

O.C.G.A. § 9-11-4(e)(7).  A return of service creates a presumption that a defendant was properly served, although evidence that service failed to comply strictly with the statute overcomes the presumption raised by the service return. See Forsythe v. Gay, 487 S.E.2d 128, 129 (Ga. Ct. App. 1997).  In Georgia, the plaintiff is responsible for complying with the requirements of Section 9-11-4(e)(7).  See Ballenger v. Floyd, 639 S.E.2d 554, 555 (Ga. Ct. App. 2006).  Here, plaintiffs have submitted evidence that shows that a deputy sheriff served Defendant Bradley with a copy of the action and summons on November 12, 2013, and that the deputy's Entry of Service was filed in the Fulton County Superior Court Clerk's Office on November 14, 2013.

Removal Defendants do not present any evidence to rebut the evidence or the presumption that arises from the stamp-filed Entry of Service that Bradley was properly served.  Removal Defendants assert that "[a]lthough Plaintiffs claim the Return of Service was stamp-filed November 14, 2013, the Fulton County Superior Court On-line search [sic] has no listing of the service even as late as December 30, 2013."  The Removal Defendants also assert that "a telephone call to the Fulton County Clerk's office also failed to confirm service of Defendant Bradley."

That the Entry of Service may not have been properly docketed does not support that service was not made, especially because considering the record evidence of the stamp-filed Entry of Service. The Removal Defendants have not otherwise provided any evidence to demonstrate that Bradley did not live at the residence at which the process server sought to serve him or that he was not, in fact, served. See Dickson v. Amick, 662 S.E.2d 333, 335 (Ga. Ct. App. 2008) (finding that affidavit and documents showing appellant did not live at the address at which the complaint and summons were delivered were sufficient to show that process was improper under Georgia law).

The Court concludes that Bradley "[h]ad been properly joined and served" at the time of removal. In failing to get Bradley to join in, or consent to, removal when the Removal Defendants filed their Notice of Removal in this action, the removal did not satisfy the requirements of the unanimity rule, and the removal was invalid.

Plaintiffs further assert that Defendants' removal action was filed in bad faith under Rule 11 of the Federal Rules of Civil Procedure and that they are entitled to attorney fees and relevant costs.[3,4] Rule 11(c)(2) of the Federal Rules of

---

[3] In the Eleventh Circuit, three types of conduct warrant Rule 11 sanctions: (1) when a party files a pleading that has no reasonable factual basis; (2) when a party files a pleading that is based on a legal theory that has no reasonable chance of

Civil Procedure provides that a motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b).  See Fed. R. Civ. P. 11(c)(2).  Plaintiffs did not file a separate motion that would support an award of sanctions based on Rule 11.

In remanding a case, the Court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  District courts may, in their discretion, award expenses under § 1447(c) "where the removing party lacked an objectively reasonable basis for seeking removal."  Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).  Removal Defendants had "an objectively reasonable basis for seeking removal" because there is no evidence suggesting that the Removal Defendants knew or had reason to know that Bradley had been served with the Complaint at the time of

---

success and that cannot be advanced as reasonable argument to change existing law; (3) and when a party files a pleading in bad faith or for improper purpose. Didie v. Howes, 988 F.2d 1097 (11th Cir. 1993).

[4] "[A] removing defendant's counsel is bound by Rule 11 to file a notice of removal only when counsel can do so in good faith." Lowery v. Ala. Power Co., 483 F.3d 1184, 1213 (11th Cir. 2007).  This requires the defendant's counsel to represent, under Rule 11, that the case belongs in federal court. Id. at 1217.  Based on the facts, the Removal Defendants put forth good faith efforts in filing their removal notice.  The parties do not dispute that the Court has federal question subject-matter jurisdiction over Plaintiffs' Section 1983 claims.  Instead, Plaintiffs assert that the Removal Defendant's Notice of Removal was improper because it did not have Bradley's consent.  The evidence does not suggest that the Removal Defendants filed their Notice of Removal in bad faith.

removal.  Id.  The Court, in its discretion, concludes that Plaintiffs should not be awarded their costs and expenses.

### III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand to the Superior Court of Fulton County [7] is **GRANTED**.

**IT IS FURTHER ORDERED** that pursuant to 28 U.S.C. § 1447(c), Plaintiffs' request for attorney fees is **DENIED**.

**SO ORDERED** this 23rd day of June, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE